IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-252-GCM-DCK

| | |
|---|---|
| JEANETTE BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 13) and Defendant's "Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" (Document No. 13) be denied; that Defendant's "Motion For Summary Judgment" (Document No. 15) be granted; and that the Commissioner's decision be affirmed.

## I.  BACKGROUND

Plaintiff Jeanette Boyd ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1); Tr. 1238-1280). The procedural background of this action is especially long and winding.

On or about March 28, 2011, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning July 1, 2008. (Transcript

of the Record of Proceedings ("Tr.") 173, 312, 316, 1241). Plaintiff later amended her alleged disability onset date to October 1, 2011. (Tr. 37, 173, 1242).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 24, 2011, and again after reconsideration on January 30, 2012. (Tr. 193, 201, 206). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 201, 206).

Plaintiff filed a timely written request for a hearing on March 12, 2012. (Tr. 214). On September 19, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge William O. Gray. (Tr. 82-107, 173). Judge Gray issued a decision finding that Plaintiff was not disabled between October 1, 2011, and the date of his decision, October 31, 2013. (Tr. 173-184).

Plaintiff requested review of ALJ Gray's decision on or about December 3, 2013. (Tr. 262, 275). On November 24, 2014, the Appeals Council granted Plaintiff's request and remanded the case for a new hearing. (Tr. 189-191). The Appeals Council identified specific issues for an Administrative Law Judge to address and resolve. (Tr. 190-191).

On remand, Plaintiff appeared and testified at a hearing before Administrative Law Judge Valorie Stefanelli (the "ALJ") on June 9, 2015. (Tr. 33-81). Following the hearing, Plaintiff's counsel George Piemonte submitted a brief on June 15, 2015, arguing that Plaintiff should be limited to no more than sedentary work. (Tr. 442-443). Mr. Piemonte asserted that Ms. Boyd was

2

"at best capable of sedentary work on a sustained basis," or alternatively, noting Plaintiff's "borderline age," she was disabled as of January 1, 2015. (Tr. 443, 1241).

ALJ Stefanelli issued a partially favorable decision on August 14, 2015. (Tr. 12-26, 1336-1350). The ALJ held that based on her application for a period of disability and disability insurance benefits, Plaintiff was not disabled at any time through her date last insured, December 31, 2012; however, based on her application for supplemental security income, she *was disabled* beginning January 1, 2015. (Tr. 1341, 1350).

On or about September 16, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 11, 2015. (Tr. 1-5, 9-11, 1437-1439). Plaintiff then appealed the Commissioner's decision by filing a Complaint with this Court on February 9, 2016. See Boyd v. Berryhill, 3:16-CV-069-GCM-DCK (W.D.N.C. Feb. 9, 2016). (Tr. 1310-1312). On March 21, 2017, the Honorable Graham C. Mullen issued an "Order" (Document No. 20) affirming the undersigned's "Memorandum And Recommendation" (Document No. 19) and remanding Plaintiff's action to the Commissioner for further consideration. See (1314-1326, 1327-1328, 1440, 1443).

Based on the Court's remand Order, ALJ Stefanelli held a new hearing on April 19, 2018. (Tr. 1241, 1274-1307). Deauna Fronberger, a vocational expert ("VE"), and George C. Piemonte, Plaintiff's attorney, appeared at that hearing. Id. The ALJ noted during the hearing that the primary issue before her was Plaintiff's condition prior to December 2012. (Tr. 1280-1281).

The ALJ issued an unfavorable decision on November 15, 2018, denying Plaintiff's claim and finding that Plaintiff was not disabled from July 1, 2008, her original alleged onset date, until her 55th birthday on June 1, 2015. (Tr. 1238-1264).

3

In or about February 2019, Plaintiff filed a request for review of ALJ Stefanelli's latest decision, which was denied by the Appeals Council on April 1, 2019. (Tr. 1216-1219, 1228, 1234). The Appeals Council provided a thorough explanation for its denial, beginning with the statement that the ALJ's "hearing decision complies with the remand orders in this case." (Tr. 1216-1217). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1218).

Plaintiff's "Complaint" seeking a reversal of the ALJ's latest determination was filed in this Court on May 31, 2019. (Document No. 1). On July 23, 2019, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 14) were filed on October 29, 2019. Defendant's "Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 16) were filed December 27, 2019. "Plaintiff's Response To Defendant's Motion For Summary Judgment" (Document No. 19) was filed on January 24, 2020. Defendant filed a "Notice Of Supplemental Authority" (Document No. 20) on February 28, 2020.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

4

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

5

## III.     DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between July 1, 2008, and the date of her decision.[1] (Tr. 1242). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1)   whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2)   whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3)   whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4)   whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5)   whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ again determined at the fifth step that Plaintiff was not disabled. (Tr. 1263-1264); see also (Tr. 25).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since July 1, 2008, her original alleged disability onset date. (Tr. 1244). At the second step, the ALJ found that Plaintiff's "cervical spine disease with secondary cervicalgia with radiculopathy, degenerative joint disease and depression" were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 1246).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "light" work, except:

> she was limited to frequent reaching over head with her non-dominant upper extremity. Furthermore, she was limited to simple tasks with occasional decision-making and occasional changes to the work duties with the ability to maintain concentration up to two-hours at a time.

(Tr. 1250). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 96-16-3p." Id.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

7

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a nursing assistant. (Tr. 1262). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 1263-1264). Specifically, the VE testified that according to the factors given by the ALJ, claimant could perform "light" and "unskilled" jobs such as: a marker, a router, and a photocopy machine operator. (Tr. 1263). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between July 1, 2008 and June 1, 2015. Tr. 1264). The ALJ further noted that Plaintiff "does not meet the non-medical eligibility for Title XVI and her date last insured status expired on December 31, 2012. Id.

On appeal to this Court, Plaintiff alleges that the ALJ erred in her most recent decision by failing to: (1) properly support her credibility finding; and (2) adequately explain the RFC. (Document No. 14, p. 10). The undersigned will discuss each of these contentions in turn.

**A.      Credibility**

In the first assignment of error, Plaintiff argues that the ALJ was "required to give specific reasons supported by substantial evidence for the weight given to a claimant's testimony," but the ALJ's reasons for rejecting Plaintiff's statements were not supported by substantial evidence. (Document No. 14, p. 10).

Plaintiff notes that the ALJ found that her "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not *entirely* consistent with the medical evidence and other evidence in the record for the reasons

explained in this decision," and the ALJ asserted that there were "several inconsistencies in the record." (Tr. 1251) (emphasis added); see also (Document No. 14, p. 18).

Plaintiff first argues that the ALJ erred by relying on her prior disability onset date of July 8, 2008, and finding she was not as limited as alleged. (Document No. 14, p. 19) (citing 1247-1248, 1251, 1262). Plaintiff contends that this "is a fabricated inconsistency," because she had amended her onset date to October 1, 2011. Id. (citing Tr. 37, 87-88, 1283).

Next, Plaintiff argues that the ALJ misrepresented her statements in order to reject her pain and limitations. (Document No. 14, p. 20). For example, Plaintiff suggests that the ALJ improperly cited her testimony about owning "an online business in 2013 where she was selling clothes." Id. (citing Tr. 1247-1248, 1251, 1262). Plaintiff describes "this job" as "relatively undefined as there was no evidence taken as to how often Boyd attempted to do the job or for how long, and there was no evidence she made any money." Plaintiff concludes that without more information the ALJ should not have cited this endeavor as inconsistent with her alleged limitations. (Document No. 14, p. 21). Similarly, Plaintiff suggests that the ALJ put too much weight on her 2015 testimony that she could have probably worked as a cashier in 2008. Id. (citing Tr. 45-46, 1247-1248, 1251, 1262).

In addition, Plaintiff argues that the ALJ misrepresented her testimony regarding her ability to afford surgery and mistakenly assumed health insurance was available to her at that time from her employer. (Document No. 14, pp. 22-23) (citing Tr. 1253). Plaintiff also argues that the ALJ misrepresented statements by Plaintiff's sister, Rosezetta Land ("Land."). (Document No. 14, pp. 23-25) (citing Tr. 381-390, 1248-1249, 1252, 1254, 1259-1260). Plaintiff primarily asserts that while the ALJ relied on these statements to support her findings, she failed to note other statements by Land about Plaintiff's alleged pain and related limitations. (Document No. 14, p. 24).

9

In response, Defendant asserts that the ALJ properly considered "all of the available evidence" and that given this case's lengthy history, it was appropriate to consider the entire period at issue on remand from this Court. (Document No. 16, p. 8). Moreover, Defendant notes that the ALJ acknowledged Plaintiff's concession that she was not disabled prior to October 2011. Id. (citing Tr. 1242).

Defendant goes on to explain in significant detail the evidence the ALJ relied on to support her determination and to support some inconsistencies in the record. (Document No. 16, pp. 9-15). According to Defendant, the ALJ adequately explained that Plaintiff's own statements and those of her sister "contradicted accounts of disabling symptoms and limitations." (Document No. 16, p. 9).

Regarding one of Plaintiff's arguments, Defendant notes that Plaintiff did not report difficulty affording medical treatment until well after her orthopedist recommended surgery in 2002 and after she quit her full-time job as a CNA in July 2008. (Document No. 16, p. 11). Defendant contends that the ALJ did not find Plaintiff to be not disabled prior to her 55th birthday based solely on declining surgery; rather it was one of several factors considered. Id. (citations omitted).

Defendant contends that the ALJ properly accounted for Plaintiff's "pain allegations to the extent she found them consistent with and supported by the evidence." (Document No. 16, p. 14). In concluding, Defendant asserts that it is Plaintiff's "burden to establish the existence of impairments and limitations that prevented her from working." (Document No. 16, p. 15).

The undersigned finds Defendant's position to be persuasive. While Plaintiff is correct that there has been some confusion in this case about Plaintiff's alleged onset date, the undersigned is not persuaded that this had any significant impact on the ALJ's decision. As stated above, the

current decision does note that Plaintiff acknowledged she was not disabled prior to October 2011. In addition, Plaintiff's criticisms regarding the ALJ's finding of some inconsistencies largely boil down to disagreements about how to weigh the evidence. The undersigned is persuaded that the ALJ did rely on substantial evidence to support her findings and this Court should not re-weigh that evidence.

**B.     Residual Functional Capacity**

Next, Plaintiff succinctly argues that the ALJ erred by failing to properly account for her moderate limitation in concentration, persistence, and pace. (Document No. 14, pp. 27). Specifically, Plaintiff contends that "there is no explanation regarding how the ability to keep pace with work is addressed by the RFC." Id.

As noted above, the RFC limited Plaintiff "to simple tasks with occasional decision-making and occasional changes to the work duties with the ability to maintain concentration up to two-hours at a time." (Tr. 1250).

In response, Defendant argues that the "ALJ's narrative analysis provides the requisite rationale, and the ALJ properly accounted for Ms. Boyd's moderate limitation pursuant to the regulations." (Document No. 16, pp. 15-16) (citing Tr. 1247-1250, 1256-1258, 1261-1262). "Moreover, Ms. Boyd does not identify the specific limitations she alleges should be included in the RFC." (Document No. 16, p. 16). Defendant contends that Mascio "'only requires remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.''" (Document No. 16, p. 17) (citing Ponder v. Berryhill, 1:15-CV-289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017)(quoting White v. Colvin, 3:15-CV-197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016)).

Defendant further asserts that:

11

> the ALJ specifically accounted for Ms. Boyd's moderate concentration, persistence, or pace difficulties when limiting her to "simple tasks with occasional decision making and occasional changes to the work duties with the ability to maintain concentration up to two-hours at a time" (Tr. 1247, 1250, 1262). *Mascio*, 780 F.3d at 636-638. This Court has held that such limitations are sufficient to account for moderate limitations in concentration, persistence, or pace when supported by adequate rationale. *See*, *e.g. Campusano v. Berryhill*, 3:17-CV-499-MOC, 2018 WL 1566332, at *4 (W.D.N.C. March 30, 2018) (affirming an RFC limiting the plaintiff to simple, routine, repetitive tasks, occasionally decision making, and occasionally changes where the ALJ summarized related medical records, plaintiff's assertions, and discussed consistencies and conflicts between the evidence of record citing *Smith v. Berryhill*, 2017 WL 4295224 (W.D.N.C. 2017) (affirming an ALJ's RFC finding that included only simple, repetitive, routine tasks to accommodate moderate limitations in concentration, persistence, or pace); *Straite v. Berryhill*, 2017 WL 4052170 (W.D.N.C. 2017) (affirming an ALJ's RFC finding that included only unskilled work to accommodate moderate limitations in concentration, persistence, or pace); and *Darby v. Berryhill*, 2018 WL 310136, at *6 (W.D.N.C. 2018) (holding that there is not a "hard and fast rule as to what RFC limitations sufficiently address a plaintiff's moderate limitation in concentration, persistence, or pace" and that "a limit to simple, routine tasks or unskilled work in the face of moderate limitation in concentration, persistence, or pace may suffice, even under *Mascio*")); *accord Rice v. Berryhill*, No. 3:16-CV-00798-FDW, 2018 WL 912276, at *3 (W.D.N.C. Feb. 15, 2018); *Bruce v. Berryhill*, No. 5:16-CV-178-GCM, 2018 WL 736054, *4 (W.D.N.C. Feb. 6, 2018)("This Court agrees with the majority of cases that find that a limitation regarding workplace changes and decision-making adequately accounts for a moderate limitation in concentration, persistence, and pace.").

(Document No. 16, pp. 17-18).

Defendant further argues that the ALJ remedied the errors previously identified by the Court and "included specific mental limitations identified above in the RFC and explained her rationale citing support from the evidentiary record." (Document No. 16, p. 19)(citing Tr. 1247-1250, 1256-1258, 1261-1262). For example, the ALJ noted that Plaintiff did not allege

12

Case 3:19-cv-00252-GCM-DCK    Document 22    Filed 11/09/20    Page 12 of 14

concentration difficulties until 2013 or 2014, after her date last insured. (Document No. 16, p. 20) (citing Tr. 1248).

Finally, Defendant field a "Notice Of Supplemental Authority" (Document No. 20) (citing Shinaberry v. Saul, 952 F.3d 113 (4th Cir. 2020)). In Shinaberry, the Fourth Circuit clarified that it had not imposed "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry, 952 F.3d at 121.

The undersigned again finds Defendant's arguments more persuasive and is satisfied that there is no error here. In this case, the ALJ's decision explicitly addressed "compliance with the holding in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015)." (Tr. 1262). The ALJ stated that:

> In this case, the residual functional capacity, (RFC), delineated below in total, gives the mental limitations of simple tasks with occasional decision-making and occasional changes to the work duties with the ability to maintain concentration up to two-hours at a time, **thus taking into account concentration, persistence and pace**.

Id. (emphasis added); see also (Tr. 1241, 1247). The ALJ asserted that "the evidence of record substantiates the claimant's ability to perform the tasks reflected in the RFC." Id.

In short, the undersigned finds the ALJ's decision to be quite thorough and well-supported by her opportunity to have two (2) hearings with Plaintiff and to conduct a full examination of the evidence of record.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart,

13

Case 3:19-cv-00252-GCM-DCK   Document 22   Filed 11/09/20   Page 13 of 14

434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 13) be **DENIED**; the Defendant's "Motion For Summary Judgment" (Document No. 15) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: November 9, 2020

David C. Keesler
United States Magistrate Judge